IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

PETER M. GRIFFIN     *
        *
        *
v.          *     Civil No. JFM-09-1993
        *
AETNA LIFE INSURANCE COMPANY     *
        *****

MEMORANDUM

Plaintiff has instituted this *pro se* action against Aetna Life Insurance Company, challenging Aetna's decision to deny him long term disability benefits. Aetna has filed a motion for summary judgment. Plaintiff, after being advised of the consequences of a failure to do so, has not responded to the motion. The motion will be granted.

The case is before this court under the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1001 *et seq*. The language of the long term disability plan under which plaintiff (as an employee of Lincoln General Insurance Company) was covered conferred upon Aetna the discretion to determine whether to grant benefits to plaintiff. Therefore, Aetna's decision to deny benefits to plaintiff is to be reviewed under an abuse of discretion standard. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 115 (1989). However, because Aetna was under a conflict of interest because of its dual roles as plaintiff's administrator and payor, that conflict of interest is to be taken into account in determining whether Aetna abused its discretion. *See Metro. Life Ins. Co. v. Glenn*, 128 S.Ct. 2343, 2348 (2008); *Champion v. Black & Decker, Inc.*, 550 F.3d 353, 358–59 (4th Cir. 2008).

Aetna determined that plaintiff was entitled to short term disability benefits after he was diagnosed with "major depression, rule out bipolar disorder, mixed substance abuse, cocaine and alcohol." Plaintiff was admitted to Sheppard Pratt and remained under the care of a physician

until February 19, 2007.   Unfortunately, plaintiff then apparently relapsed, and he ceased seeing a physician.   For a substantial period of time he provided no documentation to Aetna from a physician showing that he was disabled.

Under the terms of the Aetna plan, plaintiff's impaired disability terminated when he failed to furnish sufficient proof that he was disabled or ceased to be under the regular care of a physician.   Unquestionably, plaintiff did fail to provide Aetna with sufficient documentation of his disability, and he likewise ceased to be under the regular care of a physician.   Therefore, Aetna's decision not to grant him long term disability benefits was reasonable and did not constitute an abuse of discretion, even taking into account the conflict of interest under which Aetna was operating.

A separate order is being entered herewith granting Aetna's motion for summary judgment and entering judgment on its behalf.


Date:   January 29, 2010              ___/s/_____
                                      J. Frederick Motz
                                      United States District Judge